```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION

YAMINI NOTARIA,                    )
                                   )
                Plaintiff,         )
                                   )
     v.                            )    No.  09 C 4475
                                   )
OSCO DRUG, INC., et al.,           )
                                   )
                Defendants.        )
```

## MEMORANDUM

Counsel for Yamini Notaria ("Notaria") has filed a submission in response to this Court's July 29, 2009 memorandum order questioning the inclusion of multiple defendants that, from the allegations in Notaria's Complaint, appeared to have been joined because they were the parent companies from time to time of what seemed to be Notaria's employer, Osco Drug, Inc. This memorandum is issued sua sponte because that submission does not provide a fully informative explanation in that regard.

Notaria's Complaint sets out three counts that respectively sound in (1) a Title VII claim of hostile work environment, (2) another Title VII claim of retaliation and (3) a claim that invokes 42 U.S.C. §1981 ("Section 1981"). But as the Supreme Court has taught in Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101 (2002), only the first of those theories permits a recovery for employer conduct that reaches back to a time earlier than the applicable limitations period set up by Title VII or Section 1981. Hence, although no limiting order can be issued at

this time because the relevant background facts are not disclosed in the Complaint, Notaria's potential recovery if she is successful can target only certain of the defendants:

>   1.  As to Count I, which advances a hostile work environment theory, Notaria's actual employers from time to time may be held liable beginning with the time when it is found that Notaria should have brought such a charge. That liability on the part of the respective employers would appear to be several rather than joint.
>
>   2.  As to Count II's retaliation claim, the only appropriate defendant is Notaria's employer as of the date of her termination (which is the assertedly retaliatory adverse employment action).
>
>   3.  As for Notaria's Count III Section 1981 contention, liability would attach to the employer or employers found to have engaged in prohibited discriminatory conduct during the four years preceding suit (Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 383 (2004)). Again that liability would be several rather than joint if more than one of the defendants were Notaria's employers during that time frame.

As stated earlier, no refinement of the appropriate defendant or defendants on each of Notaria's theories of recovery is possible under the allegations of the existing Complaint. But as and when the facts are better fleshed out, Notaria's counsel

will be expected to clean up the Complaint's allegations in accordance with the principles stated here.

_____
Milton I. Shadur
Senior United States District Judge

Date: August 4, 2009