```
               IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF ILLINOIS
                         EASTERN DIVISION

YAMINI NOTARIA,                      )
                                     )
                 Plaintiff,          )
                                     )
    v.                               )    No.  09 C 4475
                                     )
OSCO DRUG, INC., et al.,             )
                                     )
                 Defendants.         )
```

MEMORANDUM OPINION AND ORDER

In accordance with this Court's order entered after efforts toward settlement before Magistrate Judge Susan Cox had been unsuccessful,[1] defendants American Drug Stores, Inc. and American Drug Stores, LLC (collectively referred to here by their "banner name" Osco, treated here as a singular noun for convenience) have filed motions in limine seeking to bar plaintiff Yamini Notaria ("Notaria") from introducing at trial:

    1. evidence as to Osco's position statement submitted to the EEOC when Notaria's charges were under consideration there (Dkt. 91); and

    2. evidence as to Osco's post-termination investigation of charges made by Notaria (Dkt. 92).

Counsel for Notaria, whose charges in this action encompass claimed discrimination and retaliation and the creation of a

---

[1] It was back on October 26, 2010 that this Court entered the Final Pretrial Order that had been jointly proposed by the parties, but other events looking toward trial (including motions in limine) had then been deferred during the course of the settlement discussions.

hostile work environment, all assertedly attributable to her Indian national origin, have now filed responsive memoranda addressing both motions.

To be brief, Notaria has Osco dead to rights on both motions. When the irrelevant underbrush of Osco's arguments is cleared away, the analysis in Notaria's responsive memoranda clearly calls for the admissibility into evidence of both challenged categories. This memorandum opinion and order will not repeat the solid arguments advanced by Notaria, but will instead be content with brief summaries.

First, as to Osco's position statement submitted to EEOC, the caselaw expressly permits such evidence to be considered because a factfinder can infer pretext from an employer's inconsistent statements proffered to justify termination of a now ex-employee. Here is what our Court of Appeals said in Appelbaum v. Milwaukee Metro. Sewerage Dist., 340 F.3d 573, 579 (7th Cir. 2003)(citations of several cases supporting the same proposition omitted):

> One can reasonably infer pretext from an employer's
> shifting or inconsistent explanations for the
> challenged employment decision.

That statement was quoted earlier this year in Silverman v. Bd. of Educ. of City of Chicago, 637 F.3d 729, 737 (7th Cir. 2011) in the context of considering whether the employer's EEOC position statements reflected such inconsistency. Hence Osco's Dkt. 91

2

motion is denied.

As for the post-termination investigation conducted by Osco into Notaria's charges, Osco's counsel mischaracterizes both the nature of the evidence and the caselaw that keeps post-termination evidence out of employment discrimination cases under totally different circumstances. Here the post-termination investigation related to <u>pre</u>-termination events and statements that bear directly on the bona fides of the asserted grounds for Notaria's termination.[2] That evidence is surely relevant, and its probative force is for the factfinding jury to evaluate. Osco's Dkt. 92 motion is denied as well.

_____
Milton I. Shadur
Senior United States District Judge

Date: September 1, 2011

---

[2] This Court is not of course addressing the merits of Notaria's position in that respect--that task will be for the factfinder to undertake at the time of trial.

3